IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| MATT MAGALIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 08-3135 |
| | ) | |
| CAROL ADAMS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION

JEANNE E. SCOTT, U.S. District Judge:

This matter is before the Court on Plaintiff Matt Magalis' Objection to Removal (d/e 6) (Objection), and Commission Defendants' Motion to Dismiss Count II (d/e 7) (Motion). Magalis alleges that he was an employee of the Illinois Department of Human Services until he was discharged on October 15, 2007. He then appealed his firing administratively to the Illinois Civil Service Commission (Commission). Defendants Chris Kolker, Raymond W. Ewell, Barbara J. Peterson, Ares G. Dalianis, and Betty A. Bukraba made up the Commission (collectively referred to as the Commission Defendants). The Commission allegedly upheld his dismissal.

Magilis then brought this two-count complaint in Illinois state court.

Count I sought judicial review of the administrative Decision of the Commission. Notice of Removal (d/e 1), Exhibit A, Complaint, Count I. He brought this claim pursuant to the Illinois Administrative Review Law. Id., Count II; 735 ILCS 5/3-101 et seq. Count II alleged that the Defendants fired Magilis in violation of his rights under the First Amendment. Complaint, Count II. He brought this claim pursuant to 42 U.S.C. § 1983. Id. The Defendants removed this action to this Court. Notice of Removal. Magilis asks the Court to exercise its discretion to remand Count I to state court. The Commission Defendants ask this Court to dismiss the claims in Count II against them. For the reasons set forth below, the Motion is allowed and the Objection is sustained.

According to the Complaint, the Commission Defendants were involved in this matter because, as members of the Commission, they heard Magilis' administrative appeal of his firing. As such, the Commission Defendants acted in a quasi-judicial capacity, and so, are entitled to judicial immunity from any damage claims. See e.g., Reed v. Village of Shorewood, 704 F.2d 943, 952 (7th Cir. 1983) (liquor control officer entitled to judicial immunity when performing quasi-judicial functions). Judicial immunity does not extend to claims for injunctive relief. Pulliam v. Allen, 466 U.S.

522, 537-38 (1984). Section 1983, however, does not authorize an action for injunctive relief against a state official acting in a judicial capacity. 42 U.S.C. § 1983. Magilis, therefore, cannot proceed against the Commission Defendants under § 1983 for either damages or injunctive relief. The claims against the Commission Defendants in Count II are dismissed.

The Court further determines that Count I should be remanded to state court. When a removed action contains a federal question claim (such as Magilis' § 1983 claim in Count II) and an otherwise non-removable claim in which state law predominates (such as Magilis' claim for judicial review under Count I), the Court has discretion to remand the state law claim. 28 U.S.C. § 1441(c). In making this determination, the Court should consider judicial economy, convenience, fairness, and comity. <u>City of Chicago v. International College of Surgeons</u>, 522 U.S. 156, 173 (1997); <u>Carnegie-Mellon University v. Cohill</u>, 484 U.S. 343, 350 (1988); <u>Cadleway Properties, Inc. v. Ossian State Bank</u>, 478 F.3d 767, 770 (7th Cir. 2007).

In this case, judicial economy may weigh somewhat in favor of retaining jurisdiction over the state law claim. Counts I and II both concern the circumstances of Magilis' firing. The factual connection between the two counts, however, is more attenuated because the Commission

Defendants have been dismissed from Count II; their actions during the administrative process have little connection to the alleged wrongful acts of the other Defendants in firing Magilis.  Considerations of convenience and fairness do not weigh in favor of either forum.  Again, the primary Defendants in Count I are the Commission Defendants, and they have been dismissed from Count II; thus, a remand will not require them to appear in two forums.  Either forum also would provide a fair hearing.  Issues of comity weigh in favor of remand because judicial review of a state administrative decision is a state law matter.  In this case, the Court, in its discretion, determines that the factor of comity is controlling.  The request to remand Count I is therefore allowed.

THEREFORE, the Objection to Removal (d/e 6) is SUSTAINED, and Commission Defendants' Motion to Dismiss Count II (d/e 7) is ALLOWED.  The claims in Count II against Defendants Chris Kolker, Raymond W. Ewell, Barbara J. Peterson, Ares G. Dalianis, and Betty A. Bukraba are dismissed.  Plaintiff will proceed against the remaining Defendants in this Court on Count II of his Complaint.  Count I is remanded to state court pursuant to 28 U.S.C. § 1441(c).

IT IS THEREFORE SO ORDERED.

ENTER:   September 8, 2008

    FOR THE COURT:

                                              s/ Jeanne E. Scott
                                            JEANNE E. SCOTT
                                    UNITED STATES DISTRICT JUDGE