IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| MATT MAGALIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 08-CV-3135 |
| | ) | |
| CAROL ADAMS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**OPINION**

BYRON G. CUDMORE, U.S. MAGISTRATE JUDGE:

Pending before the Court is Plaintiff Matt Magalis' Motion to Strike Defendants' Discovery Objections (d/e 37) (Motion to Strike). Magalis asks the Court to strike objections made by the Defendants to Plaintiff's First Request for Production of Documents, which was served on May 18, 2009. Defendants have filed a Response in Opposition to Plaintiff's Motion to Strike Discovery Objections (d/e 39) (Response) and Plaintiff has filed a court-ordered Reply in Support of Motion to Strike Discovery Objections (d/e 40) (Reply). The matter is ripe for determination, and this Court has jurisdiction to consider these matters pursuant to 28 U.S.C. § 636(b)(1)(A). For the reasons set forth below, the Motion to Strike is allowed.

BACKGROUND

Magalis was an employee of the Illinois Department of Human Services (DHS) until he was discharged on October 15, 2007. Magalis appealed his discharge administratively to the Illinois Civil Service Commission, which upheld his dismissal. Magalis then filed a two-count complaint in Illinois state court, seeking judicial review of the Commission's decision (Count I) and alleging a claim pursuant to 42 U.S.C. § 1983 (Count II). Notice of Removal (d/e 1), Exhibit A, Complaint. Defendants removed the matter to this Court. Upon Objection (d/e 6) by Magalis, United States District Judge Jeanne E. Scott remanded Count I of the Complaint to state court. Opinion (d/e 12), dated September 10, 2008. Judge Scott also allowed a motion to dismiss, dismissing Magalis' Count II claims against the five individual members of the Commission. Id. Thus, only Magalis' Count II claims against Defendants Carol Adams, DHS, the Illinois Civil Service Commission, Jerome Butler, Elizabeth Gil, and Matt Ryan remain pending in this Court.

In Count II, Magalis contends that he was discharged in violation of his First Amendment rights. Specifically, Magalis alleges that a scheme existed among the Defendants and former Governor Rod Blagojevich to

terminate state employees perceived to be political opponents of the Blagojevich administration to create employment opportunities for Blagojevich's political supporters.  Complaint, Count II, ¶¶ 16-17.  According to Magalis, his employment with DHS was terminated in furtherance of this scheme and in retaliation for disclosing to the press an investigation by the Illinois Office of Executive Inspector General (OEIG) that concluded that Kahlil Shalabi, a Blagojevich campaign worker, was hired by DHS, but spent much of his work day doing political campaign work using DHS offices, computers, and facilities.  Id., ¶ 18.

On May 18, 2009, Magalis served Defendants with a Request for Production of Documents.  At that time, Defendants were represented by attorneys Douglas Quivey and James Potter of the firm Londrigan, Potter and Randle.  Mr. Quivey contacted counsel for Plaintiff in mid-June 2009 to explain that the responsive documents were at his office, but that he wanted to obtain a protective order before allowing Plaintiff's counsel to review the documents.  According to Magalis, Mr. Quivey stated that once the protective order was in place, the documents would be available for review.  Plaintiff's counsel agreed to terms of a protective order.  Mr. Quivey filed a proposed stipulated protective order (d/e 24) on June 26,

2009.  The Court entered the Stipulated Protective Order (d/e 26) on July 1, 2009.

After the Protective Order was entered, Plaintiff's counsel called Mr. Quivey to arrange for production of the documents.  Mr. Quivey informed Plaintiff's counsel that Londrigan, Potter and Randle would no longer be representing Defendants.  Mr. Quivey stated that he had been directed to cease work on the case and to return the documents to the Defendants, which he had done.

On July 24, 2009, Magalis filed a Motion to Compel Discovery (d/e 28), asking the Court to order the Defendants to respond to the outstanding document requests immediately, noting that the response had already been prepared by counsel.  On August 4, 2009, attorneys from Laner, Muchin, Dombrow, Becker, Levin & Tominberg entered appearances (d/e 29, 30 & 31) on behalf of Defendants.  On August 5, 2009, attorneys Quivey and Potter moved to withdraw as counsel of record for Defendants, a request which the Court allowed that same day.  See Motion to Withdraw as Attorney (d/e 32); Text Order, dated August 5, 2009.  Also on August 5, 2009, new defense counsel contacted Plaintiff's counsel and requested additional time to review Plaintiff's Request for Production of Documents

and the related documents. According to Plaintiff, Plaintiff's counsel pointed out that time for objections had long passed and that the documents should be presented in the exact form as they had been offered by previous defense counsel. Motion to Strike, ¶ 9.

On August 10, 2009, Defendants' new counsel filed a Motion to Stay Briefing on Plaintiff's Motion to Compel (d/e 34), which represented that new counsel "offered to respond to Plaintiff's outstanding discovery requests that were the subject of the Motion to Compel within 14 days, on or before August 19, 2009." Motion to Stay Briefing on Plaintiff's Motion to Compel (d/e 34), ¶ 5. The Motion to Stay suggested that "[i]n light of this commitment by Defendants to answer promptly the discovery requests that are the subject of Plaintiff's Motion to Compel, the Motion to Compel is mooted." Id. The Motion to Stay further represented that defense counsel "suggested to Plaintiff's counsel that Plaintiff's Motion to Compel be entered and continued pending Plaintiff's receipt and review of Defendants' discovery responses." Id. In a text order, dated August 11, 2009, this Court allowed the Motion to Stay and took the Motion to Compel under advisement.

The parties subsequently sought an amended scheduling order. Agreed Motion to Amend Scheduling Order (d/e 35). The Motion to Amend the Scheduling Order represented that defense counsel Gregory James contacted Plaintiff's counsel Carl Draper on August 5, 2009 to discuss Defendants' response to Plaintiff's Motion to Compel and a revised scheduling order. According to the Motion to Amend, the parties agreed that the scheduling order "should be revised to allow the parties to properly complete discovery." Id., ¶ 4. The agreed, proposed amended scheduling order provided as follows: "August 19, 2009 for defendants to answer Plaintiffs [sic] outstanding requests to produce. Plaintiffs [sic] Motion to Compel is entered and continued pending defendants' answer." Id., Ex. 1, ¶ 2. This Court allowed in part that Agreed Motion to Amend Scheduling Order, by text order, dated August 19, 2009. In relevant part, the Court denied the Motion to Compel as moot.

On August 18, 2009, Defendants served their Response to Request for Production of Documents. See Motion to Strike, Ex. A. The response contained objections to ten of the twelve requests contained in the Request for Production of Documents, specifically Requests No. 1, 3, 4, 5, 6, 7, 8, 9,

10 and 12.[1]  The grounds for the various objections included the following: response would violate the State Officials and Employees Ethics Act, 5 ILCS 430/20-95(d); the information sought is not relevant nor designed to lead to the discovery of relevant information; the request seeks documents protected by the attorney-client privilege or attorney work product doctrine; and the request is overly broad and unduly burdensome.[2]  The instant Motion to Strike followed.

ANALYSIS

The Motion to Strike asks the Court to strike Defendants' objections to the Request for Production of Documents and order Defendants to respond to the outstanding requests.  Thus, it falls within the scope of Fed.

---

[1] While at some points in his briefing Plaintiff asks the Court to strike objections to Request No. 2, the Response to Request for Production of Documents that is before the Court does not contain any objection to Request No. 2.  See Memorandum of Law in Support of Motion to Strike Defendants' Discovery Objections (d/e 38), p.2; Motion to Strike, Ex. A, ¶ 2.  Thus, this order does not address Request No. 2 or Request No. 11 to which there were no objections.

[2] The State Officials and Employees Ethics Act, 5 ILCS 430/20-95(d), provides as follows:

> Unless otherwise provided in this Act, all investigatory files and reports of the Office of an Executive Inspector General, other than monthly reports required under Section 20-85, are confidential, are exempt from disclosure under the Freedom of Information Act, and shall not be divulged to any person or agency, except as necessary (I) to a law enforcement authority, (ii) to the ultimate jurisdictional authority, (iii) to the Executive Ethics Commission; or (iv) to another Inspector General appointed pursuant to this Act.

R. Civ. P. 37(a).  The Court notes that Plaintiff's Motion contains the requisite Fed. R. Civ. P. 37(a)(1) certification.

Under Federal Rule of Civil Procedure 34(b)(2)(A), a party to whom a document request is directed must respond in writing within thirty days after being served, although a shorter or longer time may be stipulated to under Rule 29 or ordered by the Court.  The response to each request "must either state that inspection and related activities will be permitted as requested or state an objection to the request, including the reason." Fed. R. Civ. P. 34(b)(2)(B). A party may seek an order compelling disclosure when an opposing party has failed to respond that inspection will be permitted as requested under Rule 34.  Fed. R. Civ. P. 37(a)(3)(B)(iv).  The Court has broad discretion when reviewing a discovery dispute and "should independently determine the proper course of discovery based upon the arguments of the parties." Gile v. United Airlines Inc., 95 F.3d 492, 496 (7th Cir. 1996).

Plaintiff asserts that Defendants waived any objections to the Request for Production of Documents by failing to raise them in a timely manner.  However, based on an agreement between the parties, Plaintiff has abandoned his challenge to the objections based on attorney-client

privilege and work product.  Reply, p. 1.  Thus, the Court limits its analysis to the propriety of the objections based on grounds other than attorney-client privilege and work product, i.e. that response would violate the State Officials and Employees Ethics Act, that the information sought is not relevant nor designed to lead to the discovery of relevant information, and that the request is overly broad and unduly burdensome.

As Defendants correctly state, unlike Fed. R. Civ. P. 33, which deals with interrogatories, Rule 34 does not contain express waiver language regarding untimely objections.  However, this Court and other courts in this circuit have interpreted Rule 34 as containing an implicit waiver provision to parallel Rule 33(b)(4).  Whitlow v. Martin, 2009 WL 2241152, *4 (C.D. Ill. July 22, 2009); Davis v. City of Springfield, 2009 WL 268893, *4 (C.D. Ill. Jan. 30, 2009);  see also, Stelor Productions, Inc. v. Oogles N Googles, 2008 WL 5062786, *1 (S.D. Ind. Nov. 21, 2008); In re Thomas Consolidated Industries, Inc., 2005 WL 3776322, *7 n.2 (N.D. Ill. May 19, 2005);  Hobley v. Chicago Police Commander Burge, 2003 WL 22682362, *3 n.2 (N.D. Ill. Nov. 12, 2003).  Thus, the Court holds that, with respect to the Request for Production of Documents, any ground not stated in a timely

objection is waived, unless the Court, for good cause shown, excuses the failure.

The Court turns first to the issue of timeliness. Federal Rule of Civil Procedure 34(b)(2)(A) requires a party to whom a document request is directed to respond in writing within thirty days after being served, absent court order or stipulation under Rule 29. The subject Request for Production of Documents was served May 18, 2009. No court order modified the time to respond. Defendants assert that, during the mid-June 2009 exchange with Attorney Quivey, Plaintiff's counsel stipulated to extend the time for response until after a protective order had entered. Plaintiff contends that the June 2009 agreement only extended the time to produce the responsive documents and did not extend the time to state objections. The Court need not resolve this factual dispute because even under Defendants' version of the facts, the objections were nevertheless untimely. The Stipulated Protective Order was entered on July 1, 2009. The objections were not served until August 18, 2009.

Defendants further assert that the August 5, 2009 phone conversation between new defense counsel and attorney Draper resulted in a stipulation to extend the time for response to August 19, 2009. Again,

Plaintiff asserts that any agreement reached during the August 5, 2009 phone call extended only the time for production and not the time for objection. The record supports Plaintiff's assertion. The Motion to Strike alleges that, during the conversation with new counsel, Plaintiff's counsel pointed out that time for objections had long passed, an allegation that Defendants do not refute in their Response. See Motion to Strike, ¶ 9. Additionally, Defendants made contemporaneous representations in the Motion to Stay Briefing on Plaintiff's Motion to Compel that the Motion to Compel was mooted by Defendants' commitment "to answer promptly the discovery requests." Motion to Stay Briefing on Plaintiff's Motion to Compel, ¶ 5. Therefore, the Court holds that the record does not support a finding that a Rule 29 stipulation existed that extended the time for Defendants to file objections to August 19, 2009. Defendants' objections were untimely.

The Court further finds that Defendants fail to demonstrate good cause for their failure to state the objections in a timely manner. Although Defendants changed counsel at some point, Defendants were represented by counsel during the entire time period at issue. Additionally, attorney Quivey was actively representing Defendants at least through June 26,

2009, as evidenced by his filing of the proposed stipulated protective order. The record reveals that the response had been compiled prior to that time and would be available for review once the protective order issued. Defendants fail to proffer any reason other than the change in counsel for the delay. Thus, Defendants fail to establish good cause to excuse their untimely objections, and the Court deems waived any objections, other than attorney-client privilege or work product, to Plaintiff's Request for Production of Documents Nos. 1, 3, 4, 5, 6, 7, 8, 9, 10 and 12.

Defendants have not identified facts sufficient to support a finding that waiver would be an unduly harsh sanction in the instant case. Nor does the record contain any information that would justify the Court's issuance of <u>sua sponte</u> limitations on discovery under Fed. R. Civ. P. 26(b)(2)(C). Defendants argue that forcing the disclosure of material covered by the attorney-client privilege would have a chilling effect on a client's right to change counsel. However, as previously noted, Plaintiff has waived any challenge to the attorney-client privilege objections; thus, those objections stand and Defendants will not be forced to disclose privileged material. Additionally, while Defendants generally assert that several of the challenged requests are over broad and unduly burdensome, it provides

the Court with no concrete information to consider in analyzing these claims.

Defendants assert that response to Request Nos. 1, 6, 7, 8, 9, and 10 will force them to violate the Illinois State Officials and Employees Ethics Act, 5 ILCS 430/20-95(d). Section 430/20-95(d) deems confidential investigatory files and reports of the OEIG, absent inapplicable exceptions. Any OEIG documents that would be responsive to Request Nos. 1, 6, 7, 8, 9, and 10 relate directly to Magalis or Shalabi and are central to Magalis' claim that Defendants violated his Constitutional rights. Furthermore, the Stipulated Protective Order (d/e 24) will prevent any harm to third parties that might arise out of the required disclosures. Therefore, the Court finds that the interests served by the Illinois State Officials and Employees Ethics Act are overcome in the instant case by the need for any responsive documents in the determination of Magalis' Constitutional claims and, further, that the Stipulated Protective Order provides adequate protection. See Kodish v. Oakbrook Terrace Fire Protection Dist., 235 F.R.D. 447 (N.D.Ill. 2006) (declining to extend federal common law to encompass a privilege of confidentiality established under the Illinois Open Meetings Act).

THEREFORE, because they have been waived, the Court finds it appropriate to strike all objections, other than those based on the attorney-client privilege and work product doctrines, from Defendants' Response to Request for Production of Documents.  Thus, Plaintiff Matt Magalis' Motion to Strike Defendants' Discovery Objections (d/e 37) is ALLOWED. Defendant is ordered to respond to Plaintiff's Request for Production of Documents Nos. 1, 3, 4, 5, 6, 7, 8, 9, 10 and 12.  Plaintiff asks the Court for an award of expenses incurred in connection with the Motion to Strike pursuant to Fed. R. Civ. P. 37(a)(5).  However, under the circumstances of the instant case, the Court does not deem an award of expenses to be appropriate.  Defendants' objections were substantially justified, given the lack of an express waiver provision in Rule 34 and the chronology of events leading up to the Motion to Strike, including the substitution of counsel.  See Fed. R. Civ. P. 37(a)(5)(A)(ii).  Defendant is directed to produce the additional discovery required under this order and any privilege log on or before November 20, 2009.

ENTER:   November 5, 2009

                                                *s/ Byron G. Cudmore*
                                      _____
                                        BYRON G. CUDMORE
                              UNITED STATE MAGISTRATE JUDGE